"White, J".
The contract sued on being entered into by Harness, in his own name, he was authorized to sue, and was liable to be sued upon it. The fact that part of the corn embraced in the contract was the property of his tenants did not affect his right to sue for its breach, provided he was able, ready and willing to comply ■with it on his part.
The only issue raised by the first defense is the denial that ITigby was authorized to make the contract described in the petition on behalf of the defendants. The jury found that he had such authority. The authority was not limited to the purchase of corn owned by Harness, or by any particular person, but extended to the purchase of corn generally. The averment, therefore, in the second defense, that the plaintiff did not own all the corn sold, is immaterial, if the defendants, by accepting it, would have acquired a good title. The bill of exceptions shows that “it was proved that the plaintiff, at the time of making said contract, had in his cribs, belonging to himself and tenants on his farm, and under his control, for the purposes of sale, the number of bushels alleged in the petition, *401 raised on said farm.” This being so, the fact that part of the corn was owned by the - tenants constituted neither a defense, nor did it operate to diminish the damages. Nixon v. Nixon, 21 Ohio St. 114; Bell v. Offutt, 10 Bush, 632.
The sixth charge asked, as applied to the case, was calculated to mislead the jury. It is a plain proposition, that if the agreement had been for the sale of corn owned by the plaintiff, Harness, the defendants would have been bound to take no other corn than was thus owned. But such was not the intent of the agreement. The agreement contemplated the sale of the corn owned by Harness, as well as that of the tenants, and of which he had control and was authorized to sell. There was, therefore, no error in the charge as given.
Other points are made in the case which the court deem it unnecessary to notice, further than to say that there was no error in the ruling of the courts below.

Judgment affirmed.